CORNELIO MALDONADO GUTIÉRREZ, Appellant, v. REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1029. Submitted November 7, 1938.—Decided December 8, 1938.

Antonio E. Suliveres for appellant. The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The District Court of Arecibo held that the ownership to a certain property of 10 acres (*cuerdas*) located in the ward of Salto Arriba, Municipality of Utuado, had been satisfactorily established in favor of Cornelio Maldonado Gutiérrez.

The acting registrar of property denied record of the title "inasmuch as it does not appear from the text of the order and judgment involved that all the conditions required by section 395 of the Mortgage Law have been fulfilled, among which are the most important ones specified in sections 1859 and 1860 of the Civil Code of 1930." A cautionary notice of 120 days was entered instead. Petitioner appealed from that decision but not until he had petitioned the district court to amend the judgment so as to make it conform to the note of the registrar, which petition was denied by the District Court of Arecibo, except in so far as it referred to the value of the parcel under consideration, which the court fixed at $300.

The note of the registrar does not express in what particulars the judgment is deficient. From his brief, however, it appears that the record was denied because:

"From said Opinion and Judgment it does not appear that the district attorney was notified, nor is it stated from whom the property is derived as is required by subdivision 6 of section 9 of the Mortgage Law, which provides: 'The name and surname of the person, or the name of the corporate body or legal entity from whom the property or rights to be recorded are immediately derived'; and in connection with the above provision, section 30 of the Mortgage Law says, 'the records which do not set forth the circumstances mentioned in subdivisions 1, 2, 3, 4, 5, 6 and 8 of section 9 shall be void.'"

■ In our opinion, the refusal of the registrar should be sustained.

As to the requirement of citation, although it is true that the judge says in his judgment that "the requirements of citation were complied with and thereafter the opponents appeared, etc." this court has held in the cases of *Morales widow of Fernández* v. *Registrar,* 48 P.R.R. 654, 661; *Maldonado* v. *Registrar,* 37 P.R.R. 772; *Cancel* v. *Registrar,* 28 P.R.R. 862; *Taboada* v. *Registrar,* 26 P.R.R. 600, and *Medina* v. *Registrar,* 19 P.R.R. 964, that it is not enough to state in the judgment as a mere conclusion, that the requisites of citation were complied with, but that it is necessary to set forth in the decision the facts upon which such a conclusion is based. Therefore, inasmuch as this was not done, the registrar acted correctly in refusing to record the parcel of 10 acres.

■ As to the origin of the title to the property, nothing appears in the judgment, in spite of the express terms of section 9, subdivision 6, and section 30 of the Mortgage Law, which respectively provide:

"Sec. 9.—Every record made in a registry shall set forth the following details:

"*       *       *       *       *       *       *

"6. The name and surname of the person, or the name of the corporate body or legal entity from whom the property or rights to be recorded are immediately derived."

"Sec. 30. The records of the instruments mentioned in articles 2 and 5, shall be void if they do not set forth the circumstances mentioned in subdivisions 1, 2, 3, 4, 5, 6 and 8 of article 9 and subdivision 1 of article 13."

The decision appealed from should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.